**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| EDWARD FRANK BREWER, | No. C12-0038-LRR |
| Movant, | No. CR08-0067-LRR |
| vs. | ORDER |
| UNITED STATES OF AMERICA. | |

This matter appears before the court on Edward Frank Brewer's motion to amend (docket no. 16), filed on September 18, 2012, motion to preserve evidence (docket no. 17), filed on September 18, 2012, motion for discovery (docket no. 18), filed on September 18, 2012, motion to change venue or for recusal of the undersigned (docket no. 19), filed on September 18, 2012, motion for extension of time to file reply brief (docket no. 23), filed on October 19, 2012, motion for expedited ruling on pending motions (docket no. 24), filed on October 19, 2012, and motion to amend the motion to change venue or for recusal of the undersigned (docket no. 25), filed on October 25, 2012. The court finds that, although the government did not directly respond to any of the requests that Edward Frank Brewer ("the movant") made, the record is sufficient to succinctly and expeditiously address all of them at this time.

The court previously informed the movant that any amendment that does not sufficiently relate back to an original claim would be untimely and that it had serious doubts whether additional pleadings from the movant would clarify any of his claims. Nevertheless, the movant seeks to amend his pleadings. In response, the government deemed it appropriate to address the movant's amended pleadings in its resistance.

Consequently, when it addresses the merits of the movant's claims, the court will consider the 2255 motion as amended. Accordingly, the motion to amend (docket no. 16) is granted.

There is no pending motion in the underlying criminal case that suggests the government has any intention of destroying evidence or records while this case is pending or shortly after this case is resolved. And, the court is under the impression that the government operates under internal policies that mandate when it is permissible to seek the destruction of evidence. The movant does not address those policies, and his unsubstantiated fears do no lead the court to conclude that it should grant the relief requested. Accordingly, the motion to preserve evidence (docket no. 17) is denied.

The court previously concluded that good cause is lacking and, consequently, discovery is not warranted. Nothing the movant states in his new motion for discovery alters the court's prior conclusion that discovery is not justified. Although he believes otherwise, the movant is not entitled to retry his case. Relief under 28 U.S.C. § 2255 is severely limited, and permitting a fishing expedition on the basis of inherently incredible accusations does not promote the interests of justice. Accordingly, the motion for discovery (docket no. 18) is denied.

The court finds that it is appropriate to consider all of the movant's arguments in support of a change in venue and recusal. Accordingly, the motion to amend the motion to change venue or for recusal of the undersigned (docket no. 25) is granted. Venue is clearly proper in the Northern District of Iowa. Further, having considered the applicable law, including but not limited to 28 U.S.C. § 455, and the record, the court concludes that recusal is not warranted. The movant's dissatisfaction with how the court resolves his motions or issues does not provide a basis to recuse. In addition, the movant's allegations of bias and prejudice are wholly unfounded. The movant places great weight on the fact that the court imposed a 370 month term of imprisonment on him, but he completely ignores the fact that the court treated him just like other defendants in the Northern District

of Iowa when it granted him the maximum reduction under 18 U.S.C. § 3582(c)(2). Out of all of the defendants in the Northern District of Iowa that obtained relief as a result of the most recent sentencing guidelines amendment, the movant received the largest reduction. Apart from the 130 month sentence reduction that the movant received on the court's own motion, the court's rulings clearly show an inordinate amount of patience and tolerance for the movant's meritless pleadings. Accordingly, the motion to change venue or for recusal of the undersigned (docket no. 19) is denied.

Lastly, the movant's motion for extension of time to file reply brief (docket no. 23), and motion for expedited ruling on pending motions (docket no. 24) are granted. The government resisted the movant's 2255 motion, and, if he desires to file a reply, the movant must do so by no later than November 21, 2012. No further extension of this deadline will be granted.

**IT IS SO ORDERED**.

**DATED** this 26th day of October, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA