# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

EDWARD FRANK BREWER,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C12-38-LRR
No. CR08-67-LRR

**ORDER**

_____

## TABLE OF CONTENTS

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   EVIDENTIARY HEARING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III.   ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    A.   *Ineffective Assistance of Trial Counsel.* . . . . . . . . . . . . . . . . . . . . . *4*
    B.   *Ineffective Assistance of Appellate Counsel..* . . . . . . . . . . . . . . . . . *9*
    C.   *Newly Discovered Evidence.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*
    D.   *Prosecutorial Misconduct.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

IV.   CERTIFICATE OF APPEALABILITY . . . . . . . . . . . . . . . . . . . . . . . *13*

V.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

## I. INTRODUCTION

This matter appears before the court on Edward Frank Brewer's (the "movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion") (civil docket no. 1). The movant filed the motion[1] on April 4, 2012.[2] On July 19, 2012,

---

[1] In his motion, the movant asserts the following claims: (1) trial counsel provided ineffective assistance; (2) appellate counsel provided ineffective assistance; (3) prosecutorial misconduct; and (4) newly discovered evidence that is exculpating.

[2] The court notes that, on July 19, 2012, it denied the movant permission to file an
(continued...)

the court, among other things, directed the government to file a brief in response to the claims that the movant included in the motion.[3] *See* July 19, 2012 Order (civil docket no. 7). On August 17, 2012, Leslie Stokke, the movant's counsel through trial, filed an affidavit. Stokke Affidavit (civil docket no. 9). On August 24, 2012, JoAnne Lilledahl, the movant's counsel at his initial appearance and arraignment, filed an affidavit.[4] Lilledahl Affidavit (civil docket no. 12). On September 5, 2012, Wallace Taylor, the movant's counsel on appeal, filed an affidavit. Taylor Affidavit (civil docket no. 13). On October 11, 2012, the government filed a resistance to the motion (civil docket no. 22). On October 29, 2012, the movant filed a reply to the government's resistance (civil docket no. 27). On November 27, 2012, the movant filed an additional reply brief to the government's resistance (civil docket no. 31). The court now turns to consider the movant's motion.

## II. EVIDENTIARY HEARING

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454,

---

[2](…continued)
amended motion. July 19, 2012 Order (civil docket no. 8). Nonetheless, on September 18, 2012, the movant filed a motion to amend (civil docket no. 16) and an amended motion (civil docket no. 16-1). On October 26, 2012, the court granted the motion to amend and stated that "when it addresses the merits of the movant's claims, the court will consider the 2255 motion as amended." October 26, 2012 Order (civil docket no. 26) at 2. The court will consider the amended motion to the extent that the movant clarifies and provides additional support for his arguments.

[3] In its July 19, 2012 Order, the court directed the government to brief the issues that the movant included in the motion. However, in its resistance, the government responded to the movant's arguments in his amended motion, which are substantially the same as the arguments in his original motion. As stated above, to the extent that the movant clarifies his original motion or provides additional support for his arguments, the court shall consider the amended motion.

[4] The court notes that Lilledahl's representation of the movant during his initial appearance and arraignment is unrelated to any of the movant's claims in the motion.

457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that counsel represented the movant in a manner that comports with the requirements of the Fifth and Sixth Amendments, there is no evidence of prosecutorial misconduct and the

movant is not entitled to relief in light of any newly discovered evidence. As such, the court finds that there is no need for an evidentiary hearing.

### III. ANALYSIS

With respect to the merits of the movant's claims, the court deems it appropriate to deny the motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concludes that all of the movant's claims are without merit.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))).

#### A. Ineffective Assistance of Trial Counsel

First, the movant claims that Stokke was ineffective as the movant's counsel up to and throughout his trial. The movant argues that Stokke was ineffective at trial because he: (1) failed to offer defenses of vindictive and selective prosecution; (2) failed to challenge the Indictment; (3) failed to subpoena witnesses who would have provided an alibi for the movant during the controlled buys; (4) failed to suppress evidence of unrecorded phone calls and surveillance photographs; (5) failed to subpoena an allegedly exculpatory statement regarding the movant's alleged change of clothes on September 19, 2008; (6) failed to impeach government witness who the movant alleges lied in their testimony at trial and before the grand jury; (7) failed to identify and subpoena the government's confidential

4

source; (8) failed to determine which officer was stationed near the location of a controlled buy that took place on September 30, 2008; (9) failed to move for a directed verdict; (10) conspired with the government to conceal exculpatory evidence; (11) failed to file for a bill of particulars; (12) failed to challenge the admissibility and/or validity of certain evidence; (13) failed to challenge testimony regarding the amount of money recovered from the movant on September 19, 2008, following the controlled buy; (14) failed to challenge various portions of his Presentence Investigation Report ("PSIR"); and (13) failed to present an adequate defense at sentencing.

The court concludes that the conduct of Stokke fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and did not prejudice the movant's defense, *id*. at 692-94. The movant's assertions about Stokke do not lead the court to conclude that a violation of the Sixth Amendment occurred. Accordingly, the movant has failed to establish an ineffective assistance of trial counsel claim. *See id*. at 697 (holding that, to establish an ineffective assistance of counsel claim, the movant must first "show that counsel's performance was deficient" and then "show that the deficient performance prejudiced the defense"); *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) ("To establish ineffective assistance of counsel[, the movant] must demonstrate: (1) his attorney's performance was deficient . . . and (2) he suffered prejudice by showing that, absent counsel's ineffective assistance, there is a reasonable probability that the result of the proceeding would have been different.").

The court has reviewed the record in its entirety, including the record from the movant's trial, and concludes that each of the movant's arguments is without merit. Although the court has carefully considered each of the movant's claims, the court finds that it is unnecessary to address each of the movant's arguments that Stokke was ineffective at trial, several of which merely consist of baseless speculation. Nonetheless, the court will specifically address those that the movant emphasizes. With respect to the movant's claim

that Stokke was ineffective because he failed to raise a claim of vindictive and selective prosecution, the movant asserts that he had a "racial and hostile relationship" with his state probation officer that he claims led to vindictive prosecution. Brief in Support of the Motion (civil docket no. 16-2) at 2. In his affidavit, Stokke states that he did not notice any "indication that the government had engaged in 'vindictive prosecution.'" Stokke Affidavit at 1. In addition, Stokke states that he believed it was "poor trial strategy" to emphasize that the movant was on probation prior to committing the offense for which he was on trial. *Id.* at 2. Stokke's strategic decision is reasonable and, thus, the movant has failed to show deficient performance. *See Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006) ("Ordinarily, [the court] consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation . . . ."). In addition, because this argument would have been futile, the movant has failed to show prejudice.

The movant also contends that the government was vindictive for filing a Superseding Indictment (criminal docket no. 13), which included a conspiracy to distribute cocaine base charge, naming Rosina Rhodes as a co-conspirator. As the government points out in its brief, "a charge against Rhodes in the initial indictment may have been premature in light of the evidence against her at that time." Brief in Support of the Resistance (civil docket no. 22-1) at 19. The movant may establish vindictive prosecution "through objective evidence that the prosecutor's decision to seek a more severe sentence was intended to punish the defendant for the exercise of a legal right." *United States v. Campbell*, 410 F.3d 456, 461 (8th Cir. 2005). In the alternative, a "defendant is entitled to a presumption of vindictiveness where there exists a reasonable likelihood of vindictiveness, which may arise when prosecutors increase the number or severity of charges." *Id.* However, the bare fact that the government filed a Superseding Indictment, which added a conspiracy claim, does not support a conclusion that the government was engaged in vindictive prosecution. The movant makes no allegation that the Superseding

Indictment was filed to punish the movant for exercising a legal right. *See id.* at 462 ("An example of objective evidence of a vindictive motive would be a prosecutor's statement that he or she is bringing a new charge in order to dissuade the defendant from exercising his or her legal rights."). Accordingly, the court finds that this claim is without merit.

With respect to the movant's claim that Stokke was ineffective because he failed to subpoena certain witnesses who would have offered favorable testimony at trial, the movant specifically asserts that these witnesses would have provided an alibi for the movant that he was selling video games, not drugs, during the controlled buys. In his affidavit, Stokke states that "[a] notice of alibi defense was not applicable in this case." Stokke Affidavit at 3. Furthermore, the witnesses that the movant now asserts that Stokke should have subpoenaed include the law enforcement officers involved in the investigation against him. Stokke opines that calling these witnesses to testify at trial would have amounted "to a parade of witnesses against [the movant] with no purpose other than to strengthen the government's case." *Id.* The court finds that Stokke's decision not to call these witnesses was reasonable and, thus, the movant has not shown deficient performance. Furthermore, the movant has not shown prejudice; namely, "that the uncalled witnesses would have testified at trial and that their testimony would have probably changed the outcome of the trial." *Stewart v. Nix*, 31 F.3d 741, 744 (8th Cir. 1994). Accordingly, the court finds that this claim is without merit.

In addition, the court finds that the movant's claim that Stokke was ineffective because he failed to impeach certain officers who offered false and/or inconsistent testimony is without merit. The movant asserts that "several lies were . . . told by government witnesses." Brief in Support of the Motion at 10. The movant goes on to list several instances of such alleged "lies." *Id.* at 10-14. Stokke states that "[e]ven if one were to assume that all of [the movant's examples] were contradictory statements, then the contradictions are neither substantial nor materially relevant in light of the overwhelming

evidence." Stokke Affidavit at 4. The movant specifically takes issue with Officer Moyle's testimony at trial, which the movant alleges falsely provided that "he saw [the movant] on foot walking away from the area of the buy location," Reply at 6, and Officer Meggers's, testifying concerning her undercover purchase of crack cocaine from the movant. After reviewing the testimony in the movant's criminal trial, the court finds that neither Officer Moyle nor Officer Meggers or any other officer offered false testimony and, accordingly, Stokke's decision not to further impeach these witnesses does not qualify as deficient performance.

However, even if the court were to assume that the Government knowingly offered perjured testimony, "'a conviction obtained by the knowing use of perjured testimony . . . must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *United States v. Clay*, 720 F.3d 1021, 1025 (8th Cir. 2013) (quoting *United States v. Agurs*, 427 U.S. 97, 103 (1976)). Here, the movant has not shown a reasonable likelihood that any of the allegedly inconsistent testimony affected the judgment of the jury. In addition, in light of the overwhelming evidence against the movant at trial, he has failed to show that there is a reasonable probability that the outcome would have been different but for Stokke's allegedly deficient performance in failing to adequately impeach the officers and, therefore, has not established prejudice. In fact, as the government points out, the officers' testimony at trial was often times more favorable to the movant than such officers' prior testimony. Accordingly, in light of the foregoing, this claim is without merit.

As to the movant's claim that Stokke failed to provide an adequate defense at sentencing because he failed to challenge various parts of the PSIR and because the sentencing guidelines were incorrectly calculated, the court finds that this claim is without merit. The movant's primary contention as to this claim is that his prior felony drug conviction in Illinois did not actually qualify as a felony drug conviction under 21 U.S.C.

§ 851. In his affidavit, Stokke indicates that he researched this claim and requested and received the relevant records pertaining to the movant's Illinois case from Cook County and "[o]n or about March 31, 2009, [Stokke] received the records and forwarded them to [the movant]." Stokke Affidavit at 7. The court finds that the movant's argument fails because his prior conviction qualifies as a prior felony drug conviction. *See United States v. Jones*, 559 F.3d 831, 837 (8th Cir. 2009) ("[B]oth the statutes and Eighth Circuit case law clearly permit the use of a simple drug possession conviction, as long as it is a felony, for enhancement. . . . '[F]elony drug offense' is defined by statute as 'an offense that is punishable by imprisonment for more than one year under any law . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.' 21 U.S.C. § 802 (44)."); *see also* Final Presentence Investigation Report (criminal docket no. 258) at 24 (describing the movant's prior conviction in Illinois); *id*. at 25 (providing Stokke's objections to the prior drug conviction). In light of the foregoing, the court finds that this claim is without merit.

With respect to the rest of the movant's claims, the court finds that Stokke represented the movant competently and in a reasonable manner and, accordingly, the movant has failed to show deficient performance. In addition, the movant has failed to show that the outcome of his trial would have been any different but for Stokke's alleged deficient performance and, thus, has not shown prejudice. In light of the foregoing, the court finds that the movant's claim that Stokke provided ineffective assistance of counsel is without merit.

### B. *Ineffective Assistance of Appellate Counsel*

Second, the movant contends that Taylor was ineffective on direct appeal. The movant argues that Taylor was ineffective on appeal because he: (1) failed to challenge the sufficiency of the evidence on each element of each charge; and (2) failed to address the enhancements to the movant's sentence and whether those enhancements should have been

9

brought before the jury. With respect to the movant's first argument, Taylor states in his affidavit that he "did challenge the sufficiency of the evidence to support the verdict" on appeal by "plac[ing] the argument in the context of ineffective assistance of trial counsel." Taylor Affidavit at 1. Taylor elected to frame his sufficiency of the evidence argument in this way because "the evidence that the jury heard was sufficient to sustain the verdict" and, accordingly, Taylor believed this was the best way to present the argument on appeal. *Id.* at 2. Counsel's "strategic choices made after thorough investigation of law and facts . . . are virtually unchallengeable." *Strickland*, 466 U.S. at 690; *see also United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) ("[A]bsent contrary evidence, '[the court] assume[s] that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy.'" (quoting *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998))). The court finds that Taylor's strategy on appeal was reasonable and, thus, the movant has failed to show deficient performance. Furthermore, the movant has not shown that there is a reasonable possibility that a sufficiency of the evidence argument, presented as the movant now puts forth, would have been successful on appeal and, thus, has not shown prejudice. In fact, in the movant's appeal, the Eighth Circuit Court of Appeals specifically stated that "it is clear that the evidence against Brewer was compelling." *United States v. Brewer*, 624 F.3d 900, 907 (8th Cir. 2010).

In addition, the court finds that the movant's argument regarding sentencing enhancements is without merit. As Taylor points out in his affidavit, "[s]entencing enhancements are for the determination of the [c]ourt at sentencing, not the jury at trial." Taylor Affidavit at 2-3. On appeal, the Eighth Circuit rejected the movant's claim that the court should have instructed the jury regarding the potential mandatory minimum and held that the district court did not abuse its discretion in refusing to instruct the jury as to the potential mandatory minimum that the movant faced if convicted. *See Brewer*, 624 F.3d at 907 ("The district court is not required to instruct a jury about the sentencing

consequences of its verdict."). Accordingly, the movant has failed to show either deficient performance or prejudice as to this claim. In light of the foregoing, the court finds that the movant's claim that Taylor provided ineffective assistance of counsel on appeal is without merit.

## C. Newly Discovered Evidence

Third, the movant asserts that the court should grant a new trial on the ground of newly discovered evidence. Specifically, the movant asserts that Rosina Rhodes's testimony at her trial, which made clear "that she never [saw] [the movant] with any drugs and had no knowledge of any drugs at any time [and] . . . did not make any drug related agreement with [the movant]," exculpates the movant. Brief in Support of the Motion at 53. The court notes that at Rosinda Rhodes's trial, *United States v. Rhodes*, 08-CR-67-LRR, the court declared a mistrial due to a deadlocked jury. Following the mistrial, Rhodes pled guilty to Count I of the Criminal Information, which charged use of a communication facility with the intent to facilitate the distribution of approximately 27.4 grams of cocaine base. As the movant points out, Rhodes was not convicted of the conspiracy charge. In its resistance, the government contends that this claim must fail because it is not a constitutional claim and, thus, it is procedurally defaulted. In addition, the government asserts that this claim should be asserted in a Federal Rule of Criminal Procedure Rule 33 Motion for a New Trial or on direct appeal, remedies that the movant has already exhausted. Fed. R. Crim. P. 33(b) ("Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."). The court finds that this argument is procedurally defaulted. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("[T]he existence of cause for a procedural default must ordinarily turn on whether the [defendant] can show that some objective factor external to the defense impeded counsel's efforts to comply" with the procedural rule.). However, even if the court were to consider this argument on the merits, the court is unpersuaded that

the allegedly newly discovered evidence is "likely to produce an acquittal if a new trial [were] granted." *United States v. Grover*, 511 F.3d 779, 783 (8th Cir. 2007). As the government points out, the movant cannot show that a new trial is warranted based on Rhodes's testimony, particularly in light of the court's application of a guideline adjustment for obstruction of justice due to Rhodes's perjured testimony at trial. *See id*. Accordingly, the court finds that this claim is without merit.

### D. Prosecutorial Misconduct

Finally, the movant contends that he is entitled to relief because the government engaged in prosecutorial misconduct prior to and throughout his trial. Specifically, the movant again contends that he is entitled to relief because several government witnesses offered false testimony and the government offered false evidence at trial. The court has addressed several of the movant's specific contentions as to this argument above and found them to be without merit. Once again, much of the movant's argument is founded on baseless speculation. In response, the government contends that this argument must fail because it is procedurally defaulted. *See Murray*, 477 U.S. at 488. The court agrees and finds that this claim is procedurally defaulted because the movant has not shown that an "objective factor external to the defense" impeded his ability to assert this argument in a timely manner in either a motion for a new trial or on direct appeal. In fact, the movant did assert this argument in his pro se motion for reversal of conviction (criminal docket no. 225), in which he asserted that the government concealed material facts, offered false testimony and offered false evidence at trial. The court denied such motion, stating that "the court thoroughly reviewed the record and finds that the defendant's claims are conclusory, inherently incredible and unsupported or contradicted by the record; none of the defendant's claims warrant relief under Federal Rule[s] of Criminal Procedure 29, . . . 33(a) or . . . 34(a)." May 5, 2009 Order (criminal docket no. 226) at 1. The court has already addressed the movant's argument and shall not readdress it here, as such argument

is now procedurally defaulted and, in any event, is without merit, as the court found in its May 5, 2009 Order.

In sum, the alleged errors that the movant asserts do not warrant relief under 28 U.S.C. § 2255. The movant's claims are without merit. Based on the foregoing, the court shall deny the movant's 28 U.S.C. § 2255 motion.

## IV. Certificate of Appealability

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curriam); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the movant must demonstrate that the issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, the court shall deny a certificate of appealability. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## V. CONCLUSION

The court finds that all of the movant's assertions under § 2255 are without merit.

**IT IS THEREFORE ORDERED:**

(1) The movant's 28 U.S.C. § 2255 motion (civil docket no. 1) and amended motion (civil docket no. 16-1) are denied.

(2) A certificate of appealability is denied.

**DATED** this 7th day of January, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA